

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **HANNAH OLEYNIK**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2663<br>Fax: (212) 356-3059<br>holeynik@law.nyc.gov |

February 12, 2026

**VIA ECF**
Honorable Joseph A. Marutollo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>Assata Rhodes v. Ebony Shawntay Willis, et al.</u>, 25-cv-01727-LDH-JAM

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney for Defendants City of New York, Eric Adams, Jessica Tisch, Bradford Scott Lander, Gabriella Castellano, Stephanie Malvica, Adrian Arav, Walter Mikowski, Nicholas Loweth, Ali Walker, Michael Blanda, Jeffrey Clarke, Joseph Hickey, Kasey Lazaro, Mikhail Goncharov, and Ebony Willis. I write pursuant to Your Honor's Order, dated January 30, 2026, directing Defendants to file a response to the chart of property filed by Plaintiff on February 4, 2026. (*See* ECF Dkt. No. 69).

      By way of background, pursuant to this Court's Order, the parties met and conferred on February 3, 2026 to discuss property seized and held by the New York City Police Department ("NYPD") in connection with Plaintiff's arrest on April 10, 2024. During the meeting, which lasted approximately two hours, counsel and Plaintiff reviewed the vouchers offered by Plaintiff and discussed the status of each item listed on the vouchers. Based on that meeting, property was identified that did not appear illegal for Plaintiff to possess. Accordingly, Defendants have since identified that property to NYPD, inquired whether the property is legal for Plaintiff to possess, and if not illegal for Plaintiff to possess, inquired as to steps that Plaintiff must take to retain the property. Defendants are currently awaiting a response and will provide it to Plaintiff promptly upon receipt. The property which Defendants have agreed to inquire further into are identified on the chart filed by Plaintiff, attached herein with Defendants' responses.[1]

---

[1] For clarity, Defendants modified the chart to add one column under the heading "Defendants' Response." The remainder of the chart, including representations as to the status of the property, are Plaintiff's own representations.

At the meeting, counsel and Plaintiff also discussed the "nonvouchered property," i.e., the property listed on Plaintiff's property chart that does not have a listed voucher number. Because the property does not have a voucher number and Plaintiff could provide little clarity as to how she knew the property was taken by NYPD or even what the property was, Defendants are not in a position to respond to the property identified as "unvouchered," particularly because it is not clear that any of the property exists and/or was ever seized by NYPD.[2]

Defendants thank the Court for its time and consideration herein.

Respectfully submitted,

/s/ *Hannah Oleynik*
Hannah Oleynik
*Assistant Corporation Counsel*
Special Federal Litigation Division

Cc: **VIA FIRST-CLASS MAIL**
Assata Rhodes
C/O 309 Lafayette Avenue
Ste 21g
Kings County, NY 11238
*Pro Se Plaintiff*

---

[2] By way of example, Plaintiff's chart lists an M&P 15-22 firearm under a voucher number, and also includes an M&P 15-22 under her list of unvouchered property. During the parties' meeting, counsel inquired whether, as suggested by Plaintiff's lists, she possessed two M&P 15-22s but had not received a voucher for one. Plaintiff did not provide a clear response.