UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ASSATA RHODES,

        Plaintiff,

  -against-

EBONY SHAWNTAY WILLIS,

        Defendant.

**MEMORANDUM AND ORDER**
**25-cv-01727-LDH-JAM**

---

LASHANN DEARCY HALL, United States District Judge:

Assata Rhodes ("Plaintiff") filed a motion for temporary restraining order ("TRO") and preliminary injunction against Ebony Shawntay Willis, Walter J. Mikowski, Joseph Hickey, Adrian J. Arav, Gabriella Teresa Castellano, Michael C. Blanda, Jeffrey Clarke. Kasey M. Lazaro, Nicholas M. Loweth, Stephanie F. Malvica, Ali Walker, Mikhail Goncharov, Jessica Tisch, Bradford Scott Lander, Eric Leroy Adams, and the City of New York (together, "Defendants"), seeking the return of all property seized by New York City Police Department ("NYPD") from Plaintiff's care, custody and control on April 10, 2024, November 23, 2024, and December 19, 2024. (Pl.'s Mot. TRO and Prelim. Inj. ("Pl.'s Mot."), ECF No. 34.) Plaintiff alleges that, across three occasions, Defendant-officers employed by NYPD seized two license plates, two rifles, one shot gun, and multiple cartridges and magazines of ammunition from Plaintiff's custody without a search warrant. (*Id.* at 3-4, 22-29.)

## DISCUSSION

"It is well established that . . . the standard for an entry of a TRO is the same as [that] for a preliminary injunction. *Al Saidi v. U.S. Embassy in Djibouti,* 544 F.Supp.3d 289, 295

(E.D.N.Y. 2021) (citation omitted).  Specifically, the law requires a movant to demonstrate that they will "suffer irreparable harm absent injunctive relief, and either (1) that [they are] likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party."  *Mullins v. City of New York*, 626 F.3d 47, 52-53 (2d Cir. 2010).[1]  That said, irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction."  *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023) (citation and internal quotation marks omitted).  To establish irreparable harm, a movant must show that she "will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."  *Id.* at 673.  Plaintiff fails to make such a showing.

Plaintiff asserts that pursuant to local statute, 38 RCNY 12-35, the NYPD Property Clerk is authorized to destroy or dispose of her property as early as November 2025.  (Pl.'s Mot. at 2.) That might be true, but it does not establish the irreparable harm will result. That is, injunctions are unavailable when an adequate remedy at law exists.  *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005).  Here, Defendant rightfully argues that Plaintiff may pursue other adequate remedies at law, including an application to seek the return of her property through replevin or the recovery of damages.  (Def.'s Mem. L. Opp'n Pl.'s Mot. ("Def.'s Opp'n") at 2, ECF No. 35.)  Because adequate remedies at law are available to Plaintiff to obtain the relief that she seeks in this motion, Plaintiff has failed to show irreparable harm.

---

[1] The Court is permitted to make a finding on Plaintiff's motion for a TRO without a hearing.  *See Redac Project 6426, Inc. v. Allstate Ins. Co.*, 402 F.2d 789, 790 (2d Cir. 1968) ("[T]here is no hard and fast rule in this [C]ircuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it.").

**CONCLUSION**

For the foregoing reasons, Plaintiff's request for a temporary restraining order and preliminary injunction is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
     March 10, 2026

      /s/LDH_____
        LaSHANN DeARCY HALL
      United States District Judge